**United States District Court for the Southern District of New York**

| | |
|---|---|
| **A.D.**, individually and behalf of **J.D.**, *Plaintiffs*, v. **New York City Department of Education** *Defendant*. | Case No. |

## Complaint

A.D., brings this Complaint on her own behalf and on behalf of her child, J.D. to enforce a September 30, 2020, order from a New York State Department of Education Impartial Hearing Officer. That order required Defendant the New York City Department of Education ("DOE") to, among other things, fund the cost of a neuropsychological update not later than December 31, 2021. The DOE still has not complied with that order.

### Jurisdiction and Venue

1. This Court has jurisdiction over Plaintiffs' federal claims under the IDEA pursuant to 20 U.S.C. § 1415, 42 U.S.C. § 1988, and as an action raising a federal question under 28 U.S.C.§ 1331, and for the award of reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367.

2. Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as it is the judicial district in which Defendant is situated or resides.

3. This Court has jurisdiction under 28 U.S.C. § 1331 in that claims are asserted under the laws of the United States; under 28 U.S.C. § 1343(a) in that claims are asserted under laws providing for protection of civil rights; and under 20 U.S.C. § 1415, 42 U.S.C. § 1983, and 29 U.S.C. § 794, et. seq.

4. If successful, Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(j)(3)(B) et. seq.

## Parties

5. J.D. is a student with a disability who is eligible for a Free Appropriate Public Education ("FAPE") under the Individuals with Disabilities Education Act ("the IDEA"). J.D. resides in this judicial district.

6. A.D. is J.D.'s parent who resides in this judicial district.

7. The New York City Department of Education ("DOE") is a corporate body, created by Article 52 of the New York State Education Law, CLS Educ. Law § 2550 et seq., that manages and controls the public school system of the City of New York. The DOE is a local educational agency ("LEA") as defined in the IDEA, and thus bears the responsibilities of an LEA under the IDEA and in the New York State Education Law. See 20 U.S.C. § 1415(a); N.Y. Educ. Law § 2590.

8. The DOE's principal place of business is 52 Chambers Street, New York, New York 10007.

## Facts

9. J.D. possesses average intelligence but struggles with learning disabilities in reading, writing, and mathematics.

10. With proper remediation, J.D. could be expected to perform at or near grade level. Then, with appropriate support, he could continue on that trajectory throughout his scholastic career.

11. A.D. filed a due process administrative proceeding, case umber 183317, alleging that the DOE failed to provide J.D. a free appropriate public education ("FAPE") for the 2017-2018 and 2018-2019 school years. The due process complaint also alleged that J.D.'s IEP for the 2019-2020 school year had not been implemented. As a result of the DOE's violation, the parents claimed that J.D. was entitled to an appropriate IEP and placement, as well as to compensatory services.

12. The Impartial Hearing Officer conducted a hearing that occurred over two non-consecutive days. The DOE did not contest that it failed to provide a FAPE for J.D. In fact, the IHO observed that "[i]t is a rare case indeed where a district has so much to hide, or so little to present, that it cannot make a better showing than this."

13. The IHO ruled for A.D. and J.D. In his September 29, 2020, opinion, the IHO ordered the district to do the following:

   a. create a bank of up to 600 hours of 1:1 tutoring services by a licensed special education teacher trained and experienced with multisensory instruction, at fair market rates not to exceed the lowest amount paid for substantially similar services during calendar year 2020;

   b. provide the family Metrocards to cover the need for transportation by the student and his parent to and from the tutoring center; and

    c. fund the cost at reasonable market rates of a neuropsychological update no later than December 31, 2021.

14. The DOE did not appeal the IHO's decision, so it is a final order.

15. After the IHO issued his decision, the parent tried to arrange a neuropsychological examination of J.D.

16. The parent contacted different providers who would agree to the examination but wanted the DOE to authorize reimbursement before the providers performed their services.

17. When the parent, or parent's counsel, contacted the DOE to authorize payment to the provider, the DOE did not respond.

18. The parent and parent's counsel spent over a year trying to get the DOE to fund, or authorize funding for, J.D.'s neuropsychological update.

19. The DOE repeatedly ignored the parent's request to authorize payment for J.D.'s neuropsychological update.

20. As a result, the deadline for the DOE to comply with the IHO's order has passed.

21. The DOE, at one point, authorized an implementation extension for the parent, but the DOE nevertheless repeatedly failed to implement the decision. Thus, the authorized extension expired before the parent could obtain the neuropsychological evaluation.

22. A.D. and J.D. request that the Court order the DOE to comply with the September 29, 2020, order.

## Count 1

### IDEA – Enforcement of IHO Order in Proceeding 183317

23. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

24. The Impartial Hearing Officer's September 29, 2020, order the DOE to fund the cost at reasonable market rates of a neuropsychological update no later than December 31, 2021.

25. The parent, and parent's counsel, attempted several times to get the DOE to provide funding for J.D.'s neuropsychological exam.

26. The DOE failed to respond to the parent's or her counsel's request.

27. Without the DOE's commitment to fund the examination, the providers refused to proceed with the examination.

## Prayer for Relief

WHEREFORE, Plaintiffs ask this Court for the following relief :

i. Issue a declaratory judgment that Defendant has violated Plaintiffs' rights as alleged herein;

ii. Issue an Order requiring Defendant to extend its implementation requirement deadline to fund a neuropsychological examination for J.D.;

    iii.    Order Defendant to cooperate with A.D. and her counsel in committing to fund a neuropsychological examination for J.D.;

    iv.    Order the Defendant to pay Plaintiffs' reasonable attorneys' fees and costs incurred in Plaintiffs' work implementing the decision in case number 183317 and this ensuing action;

    v.    Order the Plaintiffs to submit a fee petition for the work implementing the Impartial Hearing Officer's September 29, 2020, order and for this ensuing action; and

    vi.    Award such other, and further, relief as to the Court may seem just and proper.

Dated: February 23, 2023

Respectfully submitted,

By: *[signature: William DeVinney]*

William DeVinney (WTD 7117)
BRIGLIA HUNDLEY, PC
1921 Gallows Road, Suite 750
Tysons Corner, VA 22182
wdevinney@brigliahundley.com
Phone: (703) 883-0880
Fax: (703) 883-0899

*Attorneys for Plaintiffs*